IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CLEATUS W. SHONK; RAE ANN
SHONK,

       Plaintiffs,

  v.

US BANK, NA, as Legal Title
Trustee for Truman 2013 SC4
Title Trust; NORTHWEST
TRUSTEE SERVICES, INC.

       Defendants.

1:15-cv-2428-CL

**ORDER**

AIKEN, District Judge:

    This matter comes before the Court on Plaintiffs' Motion for a Temporary Restraining Order (TRO) (#18). Plaintiffs seek to enjoin the non-judicial foreclosure sale currently scheduled for March 23, 2016. Plaintiffs' motion is DENIED.

    The standard for a temporary restraining order (TRO) is essentially identical to the standard for a preliminary injunction. See <u>Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.</u>, 240 F.3d 832, 839, n. 7 (9th Cir. 2001); <u>see also</u> <u>Sam v. Deutsche Bank Nat'l Trust Co.</u>, 3:13-cv-1521-MO, 2013

1 - ORDER

WL 6817888, at *1 (D. Or. Dec. 23, 2013).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Further, a TRO may only be issued without notice to the adverse party if the moving party shows "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

As a final matter, the court may issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

In this case, Plaintiffs seek to enjoin the pending sale of their property by non-judicial foreclosure. Plaintiffs contend that Defendant US Bank is not entitled to proceed with non-judicial foreclosure because there are unrecorded transfers of

Plaintiffs' loan in violation of ORS 86.752[1].

ORS 86.752 provides that in order to proceed with a non-judicial foreclosure, the foreclosing entity must record "any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee" in "the mortgage records in the counties in which the property described in the deed is situated." ORS 86.752(1). In Brandrup v. ReconTrust Co., the Oregon Supreme Court held that ORS 86.752 does not require recordation of assignments of the trust deed by operation of law and that "for the purposes of [former] ORS 86.735(1), 'assignments of the trust deed' means written assignments that are executed an acknowledged with [deed-like] formalities." Brandrup v. ReconTrust Co., 353 Or. 668, 699 (2013). Plaintiffs allege that they believe the unrecorded transfers were accompanied by some sort of documentation, but there is nothing in this record to indicate that such a writing exists or that it reaches the level of formality discussed by the Oregon Supreme Court in Brandrup.

Plaintiffs further allege that they applied for a loan modification and that the loan's then-servicer improperly rejected their modified payments. I note, however, that the Complaint only indicates that Plaintiffs "applied" for a loan modification, not that Defendants (or Defendants' predecessors in interest) actually entered into such a modification. Comp. at 5. Similarly, the Affidavit of Plaintiff Cleatus Shonk indicates that Plaintiffs'

---

[1] Plaintiffs' complaint and motion cite to ORS 86.735, which was renumbered as ORS 86.752 in 2013. For the sake of clarity, I refer to the statute by its current designation.

3 - ORDER

first application for a HAMP modification, made in 2010, was rejected and that Plaintiffs again applied for a modification in August 2011 shortly before they were alleged to have defaulted. Billin Aff. Ex. 2 at 3. There is nothing in the record to support the contention that the bank actually accepted Plaintiffs' application for a modification and Plaintiffs affirm that they stopped making payments entirely in November 2011. Id.

On this record, I cannot conclude that Plaintiffs have made a sufficient showing of likely success on the merits of their claim. On the issue of irreparable harm in the absence of injunctive relief, Plaintiffs' own motion appears to concede that the sale will not prevent them from pursuing their claims against Defendants. On the issue of the balance of equities, Plaintiffs assert that Defendants will suffer minimal harm from the granting of the TRO. I note, however, that the sale has been scheduled for several months and that Plaintiffs filed this action in December 2015, yet Plaintiffs waited until less than one week before the scheduled sale date to pursue injunctive relief. This delay does not weigh in Plaintiffs' favor. Similarly, I do not find that the public interest weighs in favor of granting a temporary restraining order.

////////////////////////////
//////////////////////////
///////////////////////

## Conclusion

Plaintiff's Motion for a Temporary Restraining Order (#18) is DENIED.

IT IS SO ORDERED.

DATED this 22 day of March, 2016.

*/s/ Ann Aiken*

ANN AIKEN
DISTRICT JUDGE