IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **CLEATUS W. SHONK** and **RAE ANN SHONK**, | No. 1:15-CV-02428-CL |
| Plaintiffs, | |
| v. | **REPORT & RECOMMENDATION** |
| **U.S. BANK, NA**, as Legal Title Trustee for TRUMAN 2013 SC4 Title Trust, | |
| Defendant. | |

CLARKE, Magistrate Judge.

Plaintiffs Cleatus and Rae Ann Shonk ("Plaintiffs") bring this pre-sale challenge to the non-judicial foreclosure of their property. Defendant U.S. Bank NA ("Defendant") moves to dismiss (#20) Plaintiffs' Complaint pursuant to FED. R. CIV. P. 12(b)(1) and (6). For the reasons set forth below, Defendant's motion should be GRANTED.

**PRELIMINARY MATTER**

Defendant asks (#21) the court to take judicial notice of the Amended Complaint and Stipulated Judgment of Dismissal filed in a 2012 case before Senior District Judge Owen Panner:

Page 1 – **REPORT & RECOMMENDATION**

Shonk et al. v. Wells Fargo Bank National Association et al., Case No. 1:12-cv-00985-PA. In general, a court cannot consider any material outside of the pleadings when ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." Jacobson v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir.1995) (citing FED. R. CIV. P. 12(b)). There are, however, two exceptions to this rule.

First, a court may consider "material which is properly submitted as part of the complaint." Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). A document is not "outside" the complaint if the complaint specifically refers to the document, its authenticity is not questioned, and the plaintiff's complaint necessarily relies on it. Id. When a plaintiff fails to introduce a pertinent document as part of his pleading, the defendant may introduce the exhibit as part of its motion attacking the pleading. Cooper v. Pickett, 137 F.3d 616, 622–23 (9th Cir. 1998). This exception does not apply to Defendant's motion to dismiss because Plaintiffs did not refer to the documents at issue in their complaint.

Second, under Rule 201 of the Federal Rules of Evidence, the court may take judicial notice, on its own or at a party's request, of "matters of public record." Lee, 250 F.3d at 689. Rule 201 allows judicial notice of a fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." For instance, a court may take judicial notice of complaints and briefs filed in another case to determine what issues were litigated before that court. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir.2006). The Amended Complaint and Stipulated Judgment of Dismissal are easily accessible and reliable matters of public record consistent with Rule 201. The court will

take judicial notice of them and consider their contents, where appropriate, in ruling on Defendant's pending motion to dismiss.

## BACKGROUND

Plaintiffs are the fee simple owners of 4135 Tamarack Drive in Medford, Oregon. Compl. ¶ 7. On May 14, 2002, Plaintiff received a $250,730 loan for the property secured by a deed of trust recorded in Jackson County. Compl. ¶ 8. The deed identified Wells Fargo Bank National Association as the lender. Compl. ¶ 8.

Plaintiffs became delinquent on their loan in October 2011. The loan servicer appointed Northwest Trustee Services as successor trustee, and Northwest Trustee Services issued a Notice of Default with a sale date of June 11, 2012. Compl. ¶ 9. Both the appointment and notice were recorded in Jackson County. Compl. ¶ 9. On September 17, 2012, the notice was rescinded by recorded instrument. Compl. ¶¶ 9-10. Wells Fargo assigned the deed to Defendant U.S. Bank. Compl. ¶ 11. The assignment was recorded in Jackson County. Compl. ¶ 11. U.S. Bank initiated a judicial foreclosure which was dismissed at the summary judgment stage. Compl. ¶ 10. On October 15, 2015, Northwest Trustee Services recorded another Notice of Defendant with a sale date of February 23, 2016. Compl. ¶ 11.

The beneficial interest in the trust deed was assigned multiple times. Compl. ¶ 14. Those transfers were not recorded as required by Oregon law. Compl. ¶ 14. Northwest Trustee Services was not properly appointed as successor trustee by the current beneficiary of the deed of trust. Compl. ¶ 14B. Therefore, it lacks the authority to proceed forward with foreclosure. Compl. ¶ 14B. The assignment from Wells Fargo to U.S. Bank is null and void because Wells Fargo was neither the beneficiary nor the servicer as the time of the assignment. Compl. ¶ 14C.

Plaintiffs applied for a loan modification in 2010 and again in 2011. Compl. ¶ 14D. Plaintiffs do not allege that either application was approved. They assert that Defendants waived the right to declare default or initiate foreclosure because Wells Fargo accepted modification payments "only to assess late penalties and then declare a default[.]"Compl. ¶ 14D.

## STANDARD

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 556 U.S. 662, 680–81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. Starr v. Baca, 652 F.3d 1202, 1216; reh'g en banc denied, 659 F.3d 850 (9th Cir. 2011).

## DISCUSSION

Plaintiffs contend that Defendant is not entitled to proceed with foreclosure because there are unrecorded transfers of their loan in violation of Or. Rev. Stat. § 86.752. They seek an order from this Court declaring the foreclosure to be wrongful and enjoining Defendant from foreclosing the deed of trust until it fully complies with all pertinent Oregon laws. Compl. ¶ 16.

Dismissal is appropriate on two grounds. First, Plaintiffs fail to state a claim for relief.

They allege "[t]he beneficial interest in the trust deed was assigned multiple times without recording the assignment as required by [former] ORS 86.735[,]" renumbered as ORS 86.752. Compl. ¶ 14A. Accepting this statement as true, it is not sufficient to establish that Defendant lacks authority to foreclose on Plaintiffs. Oregon law does not require recordation of all assignments, only those "by a written instrument with the formalities of a deed or a mortgage." Brandrup v. ReconTrust Co., 353 Or. 668, 698 (2013). Plaintiffs do not allege the unrecorded assignments were formal or written. Therefore, Plaintiffs have not established that the alleged assignments implicated Or. Rev. Stat. § 86.752.

Plaintiffs also fail to sufficiently allege waiver. They claim Defendant waived the right to initiate foreclosure because its predecessor, Wells Fargo, accepted "modification payments ... in the proper amount[.]" Compl. ¶ 14D. Interestingly, they do not allege the existence of a modification agreement. They merely state that they "applied" for a modification in 2010 and 2011. Compl. ¶ 14D. The Complaint does not mention Wells Fargo's response to that application. It is unclear whether it was approved. Plaintiffs suggest that the existence of a modification agreement is "implicit" in their Complaint. Pls.' Resp., at 2. However, the Court cannot construe facts that have not been pled. Because Plaintiffs do not allege that a modification agreement was in place, the Court cannot plausibly conclude that Wells Fargo accepted payments made pursuant to it or that Defendant's rights were in any way affected by it.

Second, the doctrine of claim preclusion bars this action. In 2012, Plaintiffs filed a federal suit against Defendant's predecessor, Wells Fargo, regarding the same loan and property. In 2013, Plaintiffs stipulated to dismissal of the case with prejudice. Claim preclusion's rule of bar prohibits a plaintiff who has brought an action against a defendant and obtained a final judgment in that action from later bringing another action against the defendant, or a party in

privity with the defendant, based on the same factual transaction or circumstances. State ex rel. English ex rel. Sellers v. Multnomah Cty., 348 Or. 417, 432 (2010); D'Amico ex rel. Tracey v. Ellinwood, 209 Or. App. 713, 718 (2006).[1] It is clearly applicable here. The present action involves the same factual transaction: a loan securing a deed for a property in Medford, Oregon. The pleadings establish that Wells Fargo and Defendant are in privity. Plaintiffs advance the exact same allegations against Defendant as they did against Wells Fargo, contending that it has no right to foreclose because of prior unrecorded assignments and Wells Fargo's acceptance of modified payments. Plaintiffs' argument that preclusion should not apply because they did not actively litigate the prior case is unavailing. Phi Cam Luong v. Sondi & Associates, LLC, No. 3:12-CV-1341-AC, 2013 WL 5817208, at *5 (D. Or. Oct. 23, 2013). The rule of bar requires only that they had the *opportunity* to litigate their claims. Drews v. EBI Companies, 310 Or. 134,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Oregon law governs the preclusive effect of the prior district court judgment on this diversity action. Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508-09 (2001); Gustafson v. U.S. Bank N.A., 618 F. App'x 921, 922 (9th Cir. 2015) ("[W]e apply state law, not federal law, to determine the effect of the prior dismissal in this diversity case.").

Page 6 – **REPORT & RECOMMENDATION**

140 (1990) ("The opportunity to litigate is required, whether or not it is used."). It is irrelevant whether they opted to do so. Because Plaintiffs previously stipulated to the dismissal of their claims, they are precluded from advancing them again.

## RECOMMENDATION

For the reasons stated above, Defendant's motion to dismiss (#20) should be GRANTED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 14 day of May 2016.

_____
MARK D. CLARKE
United States Magistrate Judge